Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| THEODORE E. DEAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA AGRITECH, INC., YU CHANG, YAU-SING TANG, and GENE MICHAEL BENNETT, <br><br> Defendants. | No.  2:11-CV-1331 RGK (PJWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE VANOUS GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: R. GARY KLAUSNER <br><br> Hearing Date: May 16, 2011 <br> Time: 9:00 a.m. <br> CTRM:  850, Roybal |

1

| | |
|---|---|
| DEBORAH PEPPERDINE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>        vs.<br><br>CHINA AGRITECH, INC., YU CHANG, YAU-SING TANG,<br><br>        Defendants. | No. 2:11-CV-1414 RGK (PJWx)<br><br>CLASS ACTION |
| EDUARDO CALCAGNO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>        vs.<br><br>CHINA AGRITECH, INC., YU CHANG, YAU-SING TANG, and GENE MICHAEL BENNETT,<br><br>        Defendants. | No. 2:11-cv-2800 SVW (JCx)<br><br>CLASS ACTION |

Memorandum of Points and Authorities ISO Motion of the Vanous Group to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-1331 RGK (PJWx)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Slava Vanous, Clair Harpster, and Randolph Daniels-Kolin ("Movant" or the "Vanous Group") respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing the Vanous Group as Lead Plaintiff for all persons other than defendants who purchased the securities of China Agritech, Inc. (the "Company" or "Agritech") between February 8, 2010 and February 3, 2011, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.       PERTINENT BACKGROUND

On February 11, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act.  On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.   A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Following the filing of the instant action, which was the first-filed action in this matter, two more related action were filed in this District: (1) *Deborah*

---

[1] "Defendants" refers to, collectively: China Agritech, Inc., Yu Chang, Yau-Sing Tang, and Gene Michael Bennett.

3

Memorandum of Points and Authorities ISO Motion of the Vanous Group to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-1331 RGK (PJWx)

*Pepperdine v. China Agritech, Inc., et al.*, 2:11-CV-1414 RGK (PJWx); (2) *Eduardo Calcagno v. China Agritech, Inc., et al.*, 2:11-CV-2800 SVW (JCx). The related action alleges the same or similar claims, class period, and nucleus of operative facts as this action.

The related complaints allege that Agritech, a Delaware corporation headquartered in the People's Republic of China, and certain of its officers and directors violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's true financial condition; and the issuance of materially false and misleading financial statements in its periodic reports filed with the Securities Exchange Commission ("SEC").

More specifically: The related complaints allege that On February 3, 2011, an analyst firm called LM Research released an investment report (the "Report") asserting that there was substantial financial fraud at Agritech. The Report set forth a host detailed criticisms that questioned the veracity of the information contained in the Company's financial statements and press releases. The Report indicated, *inter alia*, that the Company's revenues were ten times higher in its SEC filings as compared to its official Chinese regulatory filings.

The Report shocked the market, and, on February 3, 2011, caused the Company's stock to decline precipitously from an opening price of $10.78 per share, to a closing price of $9.12 per share – a decline of more than 15 percent. During the subsequent weeks, the Company's stock price continued to decline, until it was halted on March 14, 2011 at $6.88 per share.

## ARGUMENT

## II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent

unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

5

Memorandum of Points and Authorities ISO Motion of the Vanous Group to Consolidate Related Actions,
for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-1331 RGK (PJWx)

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson*, 2007 WL 1129344, at * 2; (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

## A. Movant Is Willing to Serve as Class Representative

The Vanous Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Vanous Group filed concurrently herewith, each member attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Vanous Group satisfies the first requirement to serve as Lead Plaintiff for the class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson*, 2007

6

WL 1129344 at * 4 (citing cases). The financial interest of the Vanous Group is set forth below.

Slava Vanous purchased 30,000 shares of Agritech common stock during the Class Period at a cost of $431,460.00. Mr. Vanous retained all of those 30,000 shares, thereby suffering losses of $225,060.00.[2]  At current illiquid price of zero for held shares, Mr. Vanous has suffered $431,460.00 in losses.  *See* Rosen Decl., Ex. 3 (Vanous Group Loss Chart).

Clair Harpster purchased 24,000 shares of Agritech common stock during the Class Period at a cost of $288,700.00. Mr. Harpster retained all of those 24,000 shares, thereby suffering losses of $123,580.00.  Mr. Harpster's losses at the illiquid price are $288,700.00.  *See Id.*

Randolph Daniels-Kolin purchased 30,000 shares of Agritech common stock during the Class Period at a cost of $439,290.00. Mr. Kolin retained all of those 30,000 shares, thereby suffering losses of $232,890.00.  Mr. Kolin's losses at the illiquid price are $439,290.00.  *See Id.*

With $581,530.00 in total losses and $1,159,450.00 in total losses at the illiquid price, Movant is not aware of any other movant that has suffered greater losses in Agritech stock during the Class Period.  The Vanous Group is small enough that coordinated decision making will not present difficulties.   The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Vanous Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*,

---

[2] In determining losses for held shares, Movant uses the price at which China Agritech's common stock was halted on March 14, 2011: $6.88 per share.

7

157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Accordingly, the Vanous Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.   The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient.  *Cavanaugh*, 306 F.3d at 730-31.  At the

8

lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification."  *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Vanous Group and each of its members fulfill all of the pertinent requirements of Rule 23.  Each member of the Vanous Group shares substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class.  Each of the Vanous Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about Agritech and its business.  The Vanous Group and its members, as did all of the members of the class, purchased Company stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Vanous Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Vanous Group as Lead Plaintiff.

### D.   The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Vanous Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

9

1   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

2   Movant's ability and desire to fairly and adequately represent the class has

3   been discussed in Section C, above.  The members of the Vanous Group are not

4   aware of any unique defenses that Defendants could raise against any of them that

5   would render them inadequate to represent the Class.  Accordingly, the Court

6   should appoint the Movant as Lead Plaintiff for the Class.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

8   The PSLRA vests authority in the Lead Plaintiff to select and retain lead

9   counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The

10  Court should only interfere with the Lead Plaintiff's selection when necessary "to

11  protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

12  The Vanous Group has selected The Rosen Law Firm, P.A. as Lead

13  Counsel.  The Rosen Law Firm, P.A. filed the first of these related actions and has

14  been actively researching the class's and Movants' claims – reviewing publicly

15  available financial and other documents and gathering information in support of

16  the claims against the Defendants.  Furthermore, the Rosen Law Firm, P.A. is

17  experienced in the area of securities litigation and class actions, having been

18  appointed as lead counsel in securities class actions in this District and in

19  numerous courts throughout the nation.  The firm has prosecuted securities fraud

20  class actions and other complex litigation and has obtained substantial recoveries

21  on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as

22  Exhibit 4 to the Rosen Declaration.

23  As a result of the firm's experience in litigation involving issues similar to

24  those raised in this action, Movant's counsel has the skill and knowledge that will

25  enable the firm to prosecute this action effectively and expeditiously.  Thus, the

26  Court may be assured that by approving the Vanous Group's selection of Lead

10

1   Counsel, the members of the class will receive the best legal representation

2   available.

3   **V.    CONCLUSION**

4        For the foregoing reasons, Movant respectfully requests that the Court issue

5   an Order: (1) consolidating the above captioned related actions; (2) appointing the

6   Vanous Group as Lead Plaintiff of the class; (3) approving The Rosen Law Firm,

7   P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to

8   be just and proper.

9   Dated:   April 12, 2011

10                                         Respectfully submitted,

11

12                                  THE ROSEN LAW FIRM, P.A.

13                                   /s/ Laurence Rosen, Esq.
                                    _____
14                                  Laurence M. Rosen, Esq. (SBN 219683)
                                    THE ROSEN LAW FIRM, P.A.
15                                  333 South Grand Avenue, 25th Floor
                                    Los Angeles, CA 90071
16                                  Telephone: (213) 785-2610
                                    Facsimile: (213) 226-4684
17                                  Email: lrosen@rosenlegal.com

18

19                                  [Proposed] Lead Counsel for Plaintiff

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 12, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE VANOUS GROUP TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 12, 2011

/s/ Laurence Rosen
Laurence M. Rosen

12