1
2
3
4                                              **NOTE CHANGES MADE BY THE COURT**
5
6
7

8                        UNITED STATES DISTRICT COURT
9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   THEODORE DEAN, SLAVA VANOUS,            Case No.: 11-CV- 01331
     CLAIR HARPSTER AND RANDOLPH                      (RGK) (PJWx)
12   DANIELS-KOLIN INDIVIDUALLY AND
13   ON BEHALF OF ALL OTHERS                  [PROPOSED]
     SIMILARLY SITUATED,                      CONFIDENTIALITY ORDER
14
15                    Plaintiffs,
16                                            **DISCOVERY MATTER**
         vs.
17
18   CHINA AGRITECH, INC., YU CHANG,
     YAU-SING TANG, GENE MICHAEL
19   BENNETT, XIAO RONG TENG, MING
     FANG ZHU, ZHENG "ANNE" WANG,
20   CHARLES LAW, LUN ZHANG DAI AND
21   HAI LIN ZHANG,
22                    Defendants.
23

24       Note Court's changes at pp. 10-11.
25
26       Under seal filings are governed by
27       Local Rule 79-5. This protective order
28       does not authorize under seal filings.
         [PROPOSED] CONFIDENTIALITY ORDER
         Anyone wishing to file a document under seal
         must comply w/ L.R. 79-5

1    For good cause appearing for the entry of this Confidentiality Order under

2    Federal Rule of Civil Procedure 26(c),

3    It is hereby ORDERED that:

4    1.    This Confidentiality Order shall govern the handling, disclosure and

5    use of all information that is furnished orally, in writing, by visual inspection or

6    otherwise, by, through or on behalf of any party or any third party (the "Producing

7    Party") to any other party (the "Receiving Party") in connection with discovery to

8    be conducted in the above-entitled action (the "Litigation").

9    2.    "Confidential Information," as used herein, means information of any

10   type, kind or character which is designated "Confidential" by any of the parties to

11   the action or other person(s) producing the information (including nonparties),

12   whether it be a document, information contained in a document, information

13   revealed during a deposition, information revealed in an interrogatory answer or

14   otherwise.  In designating information as "Confidential," the Producing Party will

15   make such designation only as to that information that it in good faith believes is

16   confidential within the meaning of Rule 26(c) of the Federal Rules of Civil

17   Procedure and as further defined below.  Information or material which is available

18   to the public, including press releases, public documents filed with the Securities

19   and Exchange Commission, and the like shall not be classified as "Confidential."

20   Confidential Information includes or constitutes, but is not limited to, sensitive and

21   nonpublic business personnel information, including financial or tax information,

22   addresses, phone numbers and Social Security numbers; trade secrets; sensitive

23   proprietary or confidential research, development, commercial non-public financial

24   information, commercially sensitive information or personal information.  The

25   parties will make a good-faith effort to use the "Confidential" designation only

26   when needed.

27   3.    "Highly Confidential - Attorneys' Eyes Only Information" describes

28   extremely sensitive Confidential Information disclosure of which to a party or non-

1  party would create substantial risk of serious injury that could not be avoided by

2  less restrictive means.  The parties will make a good-faith effort to use the "Highly

3  Confidential - Attorneys' Eyes Only" designation only when needed.

4      4.      Confidential Information or Highly Confidential - Attorneys' Eyes

5  Only Information produced or exchanged in the course of this litigation shall be

6  used solely for the purpose of prosecuting, defending or attempting to settle this

7  Litigation and for no other purpose whatsoever, and shall not be disclosed to any

8  person except in accordance with the terms hereof.

9      5.      Except by agreement between the parties or further order of this Court,

10  information designated as Confidential Information under this Confidentiality

11  Order shall not be disclosed to any person other than the following:

12      (a)     Counsel representing the named parties in the litigation,

13  including in-house counsel and co-counsel, paralegals, clerks, secretaries, and other

14  persons employed or retained by the named parties' counsel to assist counsel in the

15  preparation of this litigation (collectively referred to as a party's "legal team");

16      (b)     Counsel representing any insurer or indemnitor of any

17  Defendant, including the insurer's or indemnitor's legal team;

18      (c)     The named parties, including officers or employees of any party

19  to this action that are assisting counsel in the prosecution or defense of this

20  Litigation;

21      (d)     Actual or potential independent experts or consultants;

22      (e)     Any person who authored, or has previously received or is

23  reasonably believed to have been provided access to the material in the ordinary

24  course of his or her business;

25      (f)     Any actual or potential deponent or witness, including former

26  employees, officers, or agents of a party (and clerical employees associated with the

27  deponent or witness), provided that there is a reasonable basis to believe that such

28  person will possess relevant information or knowledge regarding such material or

1    will give relevant testimony regarding the material, and for the purposes of

2    refreshing recollection or impeachment;

3              (g)    Any court reporter or other person involved in recording

4    deposition testimony in this litigation by any means and acting in that capacity;

5              (h)    The Court (and any appellate court) and any persons employed

6    by the Court whose duties require access to the Confidential Information, including

7    court personnel, jurors and alternate jurors; and

8              (i)    The person(s) (including third parties) who produced the

9    particular Confidential Information in question, and any officer, employee, or agent

10   of such producer.

11       6.     Except by agreement between the parties or further order of this Court,

12   information designated as Highly Confidential - Attorneys' Eyes Only under this

13   Confidentiality Order shall not be disclosed to any person other than the following:

14             (a)    The Court and any Court staff and administrative personnel;

15             (b)    Counsel for any party to this Litigation, including support staff

16   of such counsel;

17             (c)    Any court reporter employed in this Litigation and acting in that

18   capacity;

19             (d)    Expert or consultants retained by counsel to assist in the

20   preparation of this Litigation or to testify at trial or at any other proceeding in this

21   Litigation;

22             (e)    Any person identified as having authored or previously received

23   such information designated as Highly Confidential-Attorneys' Eyes only and

24             (f)    Actual or potential witnesses whose testimony is being taken

25   before trial, at any hearing, or at trial or whose testimony is reasonably anticipated

26   to be taken before trial, at any hearing, or at trial where the Highly Confidential-

27   Attorneys' Eyes Only Information is reasonably anticipated to relate to the

28   witnesses' testimony.  Such disclosure shall be limited to fact witnesses whose

3

1   identity has previously been disclosed before the date of testimony, whether by

2   notice of deposition, trial witness lists, or otherwise.  Witnesses shown Highly

3   Confidential-Attorneys' Eyes Only Information shall not be allowed to retain

4   copies.

5        7.     Counsel desiring to reveal Confidential Information or Highly

6   Confidential-Attorneys' Eyes Only Information to any of the persons referred to in

7   Paragraphs 5 or 6 shall inform such person that the material is subject to a

8   confidentiality order and shall provide such person with a copy of this

9   Confidentiality Order before disclosure of any material designated as Confidential.

10   Any person who receives this Confidentiality Order and is provided with any

11   material designated as Confidential or Highly Confidential-Attorneys' Eyes Only

12   shall execute an Acknowledgment in the form attached as Exhibit A hereto and

13   agree to be bound by this Confidentiality Order and to be subject to the jurisdiction

14   of this Court for any proceedings related to the enforcement of this Confidentiality

15   Order.  Counsel for the party who provided the Confidential Information or Highly

16   Confidential-Attorneys' Eyes Only Information to the persons listed in Paragraph 5

17   or 6 shall retain all original signed certificates obtained from any person pursuant to

18   this Paragraph.  Executed Exhibits A shall not be discoverable except as required to

19   enforce this Order or as otherwise allowed under the Federal Rules of Civil

20   Procedure and case law interpreting those rules.

21        8.     Information designated Confidential or Highly Confidential-Attorneys'

22   Eyes Only under this Confidentiality Order also may be disclosed if:  the party or

23   non-party making the designation consents to such disclosure; the Court, after

24   notice to all affected persons, allows such disclosure or the party to whom

25   Confidential Information or Highly Confidential-Attorneys' Eyes Only Information

26   has been produced thereafter becomes obligated to disclose the information in

27   response to a lawful subpoena, provided that the subpoenaed party gives prompt

28   notice to counsel for the party which made the designation, and permits counsel for

1  that party sufficient time to intervene and seek judicial protection from the

2  enforcement of this subpoena, including without limitation entry of an appropriate

3  protective order in the action in which the subpoena was issued.

4      9.    (a)    Documents produced in this action may be designated as

5  "Confidential" or "Highly Confidential-Attorneys' Eyes Only" by marking each

6  page of the document(s) so designated with a stamp stating "Confidential" or

7  "Highly Confidential-Attorneys' Eyes Only."  The "Confidential" or "Highly

8  Confidential-Attorneys' Eyes Only" designation shall be stamped in a size and

9  location which makes the designation readily apparent and in a manner which does

10  not conceal or affect the legibility or content of the document.  The "Confidential"

11  or "Highly Confidential-Attorneys' Eyes Only" designation shall be affixed to any

12  document produced or generated in the course of this litigation which mentions,

13  discusses, or comments upon any Confidential Information or Highly Confidential-

14  Attorneys' Eyes Only Information.  In lieu of marking the original of a document, if

15  the original is not produced, the Producing Party may mark the copies that are

16  produced or exchanged.  Originals shall be preserved for inspection.

17          (b)    Any Confidential Information or Highly Confidential-Attorneys'

18  Eyes Only Information that is not reduced to documentary, tangible, or physical

19  form, and that is otherwise not readily designated as "Confidential" or "Highly

20  Confidential-Attorneys' Eyes Only" pursuant to the preceding  paragraph, may be

21  designated "Confidential" or  "Highly Confidential-Attorneys' Eyes Only" by

22  informing counsel for the parties in writing that it is "Confidential" or "Highly

23  Confidential-Attorneys' Eyes Only."

24      10.    (a)    Any deposition transcript or videotaped (or otherwise recorded)

25  deposition containing Confidential Information or Highly Confidential-Attorneys'

26  Eyes Only Information shall be marked on the cover "Confidential" or "Highly

27  Confidential-Attorneys' Eyes Only" and shall indicate as appropriate within the

28  transcript and on the videotape or other recording that the Information has been so

1   designated.  Information (including exhibits) disclosed at the deposition of a party

2   or one of its present or former officers, directors, employees, agents or independent

3   experts retained by counsel for the purpose of this litigation, or (b) the deposition of

4   a nonparty (which information pertains to a party) may be designated by any party

5   as Confidential Information or Highly Confidential-Attorneys' Eyes Only

6   Information by indicating on the record at the deposition that the relevant portions

7   of the testimony are Confidential Information or Highly Confidential-Attorneys'

8   Eyes Only Information and are subject to the provisions of this Confidentiality

9   Order.  Counsel may make a blanket designation of a deposition in its entirety

10   during a deposition.  Designating counsel thereafter shall designate specific pages

11   of the transcript or parts thereof as Confidential or Highly Confidential-Attorneys'

12   Eyes Only no later than 30 days after receipt of the final deposition transcript, after

13   which time any blanket designation of a deposition in its entirety shall expire.

14        (b)    At deposition, the disclosing party shall notify the reporter on the

15   record if any Confidential Information or Highly Confidential-Attorneys' Eyes

16   Only Information  produced by a nonparty is disclosed.  Any party or producing

17   nonparty may also designate information disclosed at such deposition as

18   Confidential Information or Highly Confidential-Attorneys' Eyes Only Information

19   by notifying the reporter, all counsel of record, and any other affected person in

20   writing within thirty (30) days of receipt of the transcript that the relevant portions

21   of the transcript and the corresponding portions of any recording of the deposition

22   should be treated as Confidential Information or Highly Confidential-Attorneys'

23   Eyes Only Information.  If such "Confidential" or "Highly Confidential-Attorneys'

24   Eyes Only" designation is made, the court reporter shall be directed to affix the

25   appropriate legend on the cover page and on all Confidential or Highly

26   Confidential-Attorneys' Eyes Only pages of the transcript, and to each copy thereof

27   (including any recording).  Until thirty (30) days have passed after the receipt of

28   any transcript, the entire transcript and any recording of the deposition shall be

1   deemed to contain Confidential Information or Highly Confidential-Attorneys'

2   Eyes Only Information.  The parties may modify this procedure for any particular

3   deposition through agreement on the record at such deposition, without further

4   order of the Court.  If filed with the Court, those portions of a deposition containing

5   Confidential Information or Highly Confidential-Attorneys' Eyes Only

6   Information, either in testimony or exhibits, shall be filed with the Clerk of the

7   Court under seal in the manner provided in paragraph 14.

8                    (c)     The Designating Party shall be responsible for all additional

9   costs or fees charged by the court reporting agency or company in order to comply

10  with the Designating Party's designations.   For example, if the price of obtaining a

11  transcript or videotape of a deposition is increased by virtue of the Designating

12  Party's request to treat certain information Confidential or Highly Confidential-

13  Attorneys' Eyes Only, the Designating Party shall pay to the party requesting the

14  transcript or videotape the difference between the price with the designation and the

15  price without the designation.

16       11.    If a party receiving Confidential Information or Highly Confidential-

17  Attorneys' Eyes Only Information learns that, by inadvertence or otherwise, it has

18  disclosed such Information to any person or in any circumstance not authorized by

19  this Confidentiality Order, that party must immediately (a) notify in writing the

20  party making the designation of the unauthorized disclosure, (b) use its best efforts

21  to retrieve all copies of the Confidential Information or Highly Confidential-

22  Attorneys' Eyes Only Information, (c) inform the person or persons to whom

23  unauthorized disclosures were made of all the terms of this Confidentiality Order

24  and (d) request such person or persons to execute the Acknowledgement attached as

25  Exhibit A.

26

27

28

12.   (a)     Documents unintentionally produced without designation as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" may be retroactively designated by notice in writing of each document by Bates number if designated as such within thirty (30) days after the Producing Party discovers the Confidential Information or Highly Confidential-Attorneys' Eyes Only Information is undesignated and shall be treated appropriately from the date written notice of the designation is provided to the receiving person(s).

(b)     The Producing Party shall be obligated to provide replacement copies of any redesignated documents or materials with appropriate labeling to the receiving person(s) within ten days of the date of the written notice of the redesignation, unless otherwise agreed.  Upon receipt of a copy of the redesignated documents or materials, the receiving person(s) shall promptly destroy, cause to be destroyed, or return all copies of the documents or materials in their possession or reasonably retrievable which do not bear the new designation, unless otherwise agreed.  Upon specific written request to the receiving person(s), within thirty days after receipt of the redesignated documents or materials, the receiving party shall certify in writing that all copies lacking the designation have been destroyed or returned. The Receiving Party shall make a good faith effort to notify each non-party to whom the Receiving Party provided redesignated documents or materials of the redesignation and provide the non-party with replacement copies of any redesignated documents or materials.  The Receiving Party shall also provide the Producing Party with the names and contact information of each non-party to whom the Receiving Party provided redesignated documents or materials.  The parties to this litigation shall have no responsibility, duty, or liability, if a non-party receiving person fails to destroy any documents that have been later re-designated or provides a certification pursuant to this paragraph.

(c)     In the event that two copies of a document or information are produced under different designations, the more restrictive designation shall apply, provided

1    that the redesignation is set forth in writing by the Producing Party.  Should the

2    receiving party notice any such discrepancy, it shall promptly bring it to the

3    Producing Party's attention.

4         13.        Other than as specifically provided for herein, this

5    Confidentiality Order does not affect any legal right or privilege related to the

6    documents and information subject to this Order, and nothing in this Order shall be

7    construed as a waiver by any party of the right to object to the subject matter of any

8    request for discovery in this action or to the admissibility of any evidence.  Nothing

9    in this Order is intended to constitute an agreement regarding the scope of

10   discovery.  The entry of this Order shall not be construed as ordering any party to

11   produce any documents or provide any information, and shall not constitute a ruling

12   that any documents or information which may exist are relevant in any way to the

13   issues raised in this action; nor shall the entry of this Order, standing alone, be

14   construed as a waiver by any party of any privilege or immunity with respect to any

15   document or information.  Nothing contained in this Order or any designation of

16   confidentiality hereunder or any failure to make such designation shall be used or

17   characterized by any party as an "admission" by a party or a party opponent.

18        14.    (a)    A party shall not be obligated to challenge the propriety of a

19   designation as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" at the

20   time made, and a failure to do so shall not preclude a subsequent challenge thereto.

21   Failure to object to a designation of confidentiality shall not constitute or be

22   construed as an admission nor raise an inference that the documents designated as

23   "Confidential" or "Highly Confidential-Attorneys' Eyes Only" constitute or contain

24   confidential, proprietary information or any trade secret.  A failure to challenge the

25   propriety of any designation by any party or nonparty does not constitute a waiver

26   or in any way preclude a subsequent challenge in this or any other action to the

27   propriety of such designation.

28

1           (b)    In the event a party objects to the "Confidential" or "Highly

2    Confidential-Attorneys' Eyes Only" designation under this Confidentiality Order

3    by a producing person of any document (or part thereof), the objecting party shall

4    consult with the Producing Party to attempt to resolve their differences, and the

5    objecting party shall provide the Producing Party with written notice of its

6    disagreement and specifically identify the information or restriction on access that

7    is disputed. The objecting party shall simultaneously provide a copy of this signed

8    writing to each party in this litigation. If, despite good-faith effort, the parties are

9    unable to reach resolution through the meet and confer process within five court

10   days thereafter, the Producing Party shall have ten days to move the Court for

11   protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; otherwise

12   the document or information shall lose its Confidential or Highly Confidential-

13   Attorneys' Eyes Only designation. In any such motion, the Producing Party has the

14   burden of establishing that the "Confidential" or "Highly Confidential-Attorneys'

15   Eyes Only" designation is proper. If a motion is made, any documents or other

16   materials that have been designated "Confidential" or "Highly Confidential-

17   Attorneys' Eyes Only" shall be treated as Confidential Information or Highly

18   Confidential-Attorneys' Eyes Only Information until such time as the Court rules

19   that such material should not be treated as Confidential Information or Highly

20   Confidential-Attorneys' Eyes Only Information.

21          (c)    The parties may, by stipulation, provide for exceptions to this

22   Order, and any party may seek an order of this Court modifying this Confidentiality

23   Order. Unless and until otherwise ordered by the Court, or agreed to in writing by

24   the parties (and when appropriate, nonparties), all Confidential Information or

25   Highly Confidential-Attorneys' Eyes Only Information shall be treated as such and

26   shall not be disclosed except under the terms of this Order.

27        14.    In the event that counsel for any party decides to file with or submit to

28   the Court any Confidential Information or Highly Confidential-Attorneys' Eyes

*[Handwritten annotation: L.R. 79-5 governs. Counsel must apply under L.R. 79-5 to seal filings. Counsel must file a document under seal.]*

Only Information, the following procedures shall be used:

      (a)    All Information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court and any pretrial pleading, motions, or other papers filed with the Court disclosing any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be filed under seal and kept under seal until further order of this Court.

      (b)    The parties agree to refrain from including Confidential Information Highly Confidential-Attorneys' Eyes Only Information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents—and the Court's docket sheet reflecting those titles—may remain public.

      (c)    All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Each document that is filed under seal will be filed pursuant to Local Rule 79-5 of the Central District of California.

      (d)    If any person fails to file protected information under seal, the Producing Party or any party claiming confidentiality for the documents or information may request that the Court place the filed documents or information under seal.

      (e)    If Confidential Information Highly Confidential-Attorneys' Eyes Only Information must be provided to answer an interrogatory or request for admission, counsel for the responding party should, at the time the response is served, designate that portion of the response that shall be deemed Confidential Information or Highly Confidential-Attorneys' Eyes Only Information for purposes of this Confidentiality Order. All answers to interrogatories or requests for admission designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall be covered by the terms of this Order, shall be designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" as set forth herein, and shall only be disclosed as provided by this Order.

15.     Neither the provisions of this Confidentiality Order nor the filing of any material under seal shall prevent use in the Litigation of any Confidential Information, either in open court, at any hearing, or at trial, provided that the party desiring to use the material gives the relevant producer reasonable advance notice that the disclosing party is substantially likely to use the Confidential Information in open court.  There is no obligation to disclose the exact Confidential documents likely to be used.  Inclusion of any Confidential documents or other information in any filing with the Court is a prima facie indication that it is substantially likely that Confidential Information will be used in open court.  As to these documents, no other notice is required.

16.     Nothing herein shall impose any restriction on the use or disclosure by a party of its own Information.  Such disclosures shall not affect any Confidential or Highly Confidential-Attorneys' Eyes Only designation made under the terms of this Confidentiality Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.  This Confidentiality Order shall not prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped Confidential Information. Nor shall this Confidentiality Order be construed to prevent any party, its counsel, or its legal team from making use as they see fit of information that was available to the public.  Moreover, no party shall designate as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" any document or information which has previously been made publicly available.  In the event, however, that a non-party provides Information that was generated by a party to this Confidentiality Order and that party believes that the Information is proprietary and Confidential or Highly Confidential-Attorneys' Eyes Only, the party may request that all copies of such information be stamped with whatever designation the party believes is appropriate within the provisions of this Order.

17.    This Confidentiality Order shall apply to all parties and to all non-parties producing or receiving Confidential Information or Highly Confidential-Attorneys' Eyes Only Information.

18.    Nothing in this Confidentiality Order shall be deemed to relieve a party from producing documents or from making timely responses or objections to discovery requests. Nothing in this Confidentiality Order shall be deemed a waiver of any party's rights to oppose production of any information, whether or not confidential, upon proper grounds.

19.    After the final resolution of the Litigation, including any appeals, a Producing Party may request, in writing, the destruction or return of documents subject to this Confidentiality Order that were not filed with the Court. The recipient of such request shall have sixty days in which to return to documents, destroy the documents or file a motion seeking an order upon which good cause shown that the documents should not be destroyed or returned. Costs of destruction of documents subject to this Confidentiality Order or costs associated with the return of documents subject to this Confidentiality Order shall be borne by the party requesting the destruction or return of documents.

20.    The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Confidentiality Order and to make such amendments, modifications and additions to this Confidentiality Order as it may from time to time deem appropriate upon good cause shown.

**SIGNED AND ENTERED** this _14th_ day of _May_ 2012.

Honorable Patrick J. Walsh
United States Magistrate Judge

## Exhibit A

ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER

I hereby acknowledge that I will be receiving Confidential Information or Highly Confidential-Attorneys' Eyes Only Information pursuant to the terms of a Confidentiality Order entered in the action entitled *Dean v. China Agritech, Inc.,* Civil Action No. 11-CV- 01331 (C.D. Cal.) on _____. I have been given a copy of, and have read and understand the Confidentiality Order and I agree to be bound by the terms and conditions of that Order. I understand that: (i) I am to make no copies of any such Confidential Information or Highly Confidential-Attorneys' Eyes Only Information except as is necessary for use in the above-referenced action; and (ii) such Confidential Information or Highly Confidential-Attorneys' Eyes Only Information and any copies thereof are Confidential Information or Highly Confidential-Attorneys' Eyes Only Information to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Information or Highly Confidential-Attorneys' Eyes Only Information. I agree not to disseminate any information derived from such Confidential Information or Highly Confidential-Attorneys' Eyes Only Information to anyone, or make disclosure of any such information, except for the purposes of the above-referenced proceedings or as permitted by the Confidentiality Order or by further order of the Court.

Signature _____   Date _____

Print Name _____